UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
: 
SOCRATES SOTO, :
:
Plaintiff, :
:
-v-                                           :   23 Civ. 6044 (JPC)
:
VANGUARD CONSTRUCTION AND                     :            ORDER
DEVELOPMENT COMPANY, INC., MICHAEL            :
STRAUSS, *In His Individual and Official Capacities*, and :
ANDY FINLEY, *In His Individual and Official*  :
*Capacities*,                                 :
:
Defendants. :
:
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

In the Complaint, Dkt. 1 ("Compl."), Plaintiff Socrates Soto alleges multiple claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and under state and city law. In Cause of Action I, Soto alleges that Defendants violated "Title VII's prohibition against discrimination in employment-based, in whole or in part, upon an employee's sex/gender (male), race/color (Hispanic), and national origin/ethnicity." Compl. ¶ 132. Specifically, Soto mentions Defendant's Andy Finley's "sexually harassing conduct and physical assault," and alleges that Defendants subjected him to "unwanted sexual harassment/assault, discrimination, humiliation, and an otherwise uncomfortable sexually hostile work environment." *Id.* ¶¶ 134, 136. As pleaded, Cause of Action I could be read to raise distinct theories of discrimination under Title VII based on both disparate treatment and a hostile work environment.

In his briefing in opposition to Defendants' motions to dismiss, however, Soto's arguments appear to only address a hostile work environment theory in defending his sex-, race-, and national

origin-based claims. For example, Soto argues that Finley's alleged assault, even standing alone, is sufficient to establish a hostile work environment. Dkt. 32 ("Opposition") at 6. And he argues that his allegations regarding Finley's treatment of other Hispanic employees are sufficient "to allow the Court to infer that the hostile work environment was sufficiently severe and/or pervasive to alter the conditions of Plaintiff's employment." *Id.* at 7-9; *see Moore v. DeJoy*, No. 18 Civ. 9967 (JPC), 2021 WL 4523503, at *5 (S.D.N.Y. Sept. 30, 2021) ("A hostile work environment is created '[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment.'" (alteration in original) (quoting *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993))). In all, the briefing's focus on hostile work environment suggests that Soto is not pursuing an argument that he experienced discrimination on account of disparate treatment based on his sex, race, or ethnicity.

To sufficiently plead a claim of disparate treatment discrimination under Title VII, Soto must show that "(1) [he] was within the protected class; (2) [he] was qualified for the position; (3) [he] was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination." *Harris v. NYC Hum. Res. Admin.*, No. 20 Civ. 2011 (JPC), 2021 WL 3855239, at *6 (S.D.N.Y. Aug. 27, 2021) (internal quotation marks omitted). An adverse employment action is one that causes "a materially adverse change in the terms and conditions of employment." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015) (internal quotation marks omitted). It must be "more disruptive than a mere inconvenience or an alteration of job responsibilities," *id.*; rather, it must be accompanied by "an attendant negative result, a deprivation of a position or an opportunity." *Jean-Pierre v. Citizen Watch Co. of Am., Inc.*, No. 18 Civ. 507 (VEC), 2019 WL 5887479, at *4 (S.D.N.Y. Nov. 12,

2

2019) (internal quotation marks omitted). "Indeed, a plaintiff's assigned task, however undesirable it may be, does not constitute an adverse employment action under Title VII if it falls within his or her job responsibilities." *Johnson v. Morrison & Foerster LLP*, No. 14 Civ. 428 (JMF), 2015 WL 845723, at *5 (S.D.N.Y. Feb. 26, 2015) (alteration adopted and internal quotation marks omitted). Soto argues that "the hostile work environment [is] the adverse employment action to which [he was] subjected." Opposition at 7 (internal quotation marks omitted). He does not appear to mention any other adverse action.

Accordingly, the Court hereby orders that by September 20, 2024, the parties shall each file simultaneous letter briefs addressing the following:

1. Soto should clarify whether his sex-, race-, and national origin-based discrimination claims in Cause of Action I are only premised on a hostile work environment theory, or whether he also is pursuing a disparate treatment theory;

2. All parties should address whether the Complaint, in Cause of Action I, raises a theory of disparate treatment in addition to hostile work environment;

3. All parties should address whether the Complaint adequately pleads adverse employment action to support Cause of Action I; and

4. Soto should clarify what allegations he is relying upon to establish adverse employment action for purposes of Cause of Action I.

SO ORDERED.

Dated: September 16, 2024
       New York, New York

                                         _____
                                                  JOHN P. CRONAN
                                            United States District Judge

3